# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In Re:

**Carrie Marie Goss**              Chapter **13**
Case No.: **18-30613 dso**
    Debtor.                       Judge **Daniel S. Opperman**
_____/

### ORDER GRANTING DEBTOR'S MOTION
### REQUESTING MORTGAGE MODIFICATION REVIEW

This matter having come before the Court on Debtor's Motion Requesting Mortgage Modification Review and to encourage the parties to engage in the modification process in good faith;

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that:

1. <u>Notice of Applicable Programs</u>. Within 21 days after service of this order upon Creditor, Creditor shall supply and notify Debtor and Debtor's counsel of the Creditor's required loan modification package.

2. <u>Debtor's Financial Documents</u>. Within 35 days after service of this order, Debtor shall submit to Creditor a fully complete Loan Modification Package with all timely supporting documentation. Such exchange of information shall be through the mechanism as specified by Creditor or as otherwise agreed upon.

3. <u>Creditor Request for Additional or Updated Documents</u>. Creditor and/or its counsel shall review the Loan Modification Package submitted by Debtor and notify the Debtor and his/her counsel of any additional or updated financial records that must be supplied to Creditor. Debtor shall provide Creditor all required additional financial records within 10 days.

4.　　　Point of Contact.  Creditor shall designate a point of contact for loss mitigation purposes including phone number and/or email address.  The point of contact may be Creditor's counsel.

5.　　　Status of Review.  Any document(s) or exchanges of information, not otherwise protected by any privilege, exchanged between the Debtor, Creditor and/or Creditor's representative counsel (as applicable) may be presented to the Court for purposes of providing a status of the loan modification review by either party.  Where the parties agree, dates and times may be established for filing a mutually prepared status report or the Court may, on ex parte request of any party or sua sponte, set status conferences at reasonable intervals to allow the parties to provide the Court with updates as to the process.

6.　　　Lack of Prosecution.  In the event that this case is converted under any other chapter of the Bankruptcy Code, the Debtor fails to pursue the modification with appropriate submission of the package within the above stated time frames, or if the Debtor declines an offered trial payment plan or permanent modification, this order shall become null and void unless otherwise extended by the Court.

7.　　　Court Approval of Mortgage Modification.  The parties shall seek any necessary Court approval to formalize any fully executed and completed modification.

8.　　　Creditor Fee.  If applicable, any fees and costs incurred by Creditor for all work involved in connection with the mortgage modification shall be recoverable from the borrower as permitted by law.

9.　　　Debtor's counsel's fee.  Counsel for the Debtor is entitled to receive reasonable compensation for all work involved in connection with the mortgage modification and shall file an application for allowance of attorney fees and costs for allowance by the Court to be paid as an administrative expense.

10. Confidential Communications. All statements made by parties, attorneys, and other participants associated with the mortgage modification request are confidential and subject to Federal Rule of Evidence 408 and may not be construed for any purposes as an admission.

11. Stay Modified to Allow Loan Modification. The automatic stay is modified, to the extent necessary, to facilitate the terms pursuant to this Order.

12. Service. Debtor shall serve a copy of this order on the Creditor and file a proof of service.

**It Is So Ordered.**

**Signed on June 05, 2018**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge